# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# TAMPA DIVISION

**JOHN HOLMES JR.,**

Plaintiff,

v.

8:25-CV-3446-SDM-AEP

**CITY OF CLEARWATER, OFFICER CHRISTIAN ZARRA,**

**OFFICER ANTHONY PULLARO, OFFICER CODY STEELE,**

**OFFICER BETHANY NIN,** and **TODD JOHNSON,** in his individual capacity,

Defendants.

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## I. NATURE OF THE ACTION

1. This is a civil rights action under 42 U.S.C. § 1983 to redress violations of the Fourth and Fourteenth Amendments to the United States Constitution.

2. This action arises from a traffic encounter in which Clearwater Police Department ("CPD") officers unlawfully stopped and seized Plaintiff, handcuffed a compliant individual, removed Plaintiff from an active turning

1



lane, relocated both Plaintiff and his vehicle without consent or probable cause, prolonged detention without lawful justification, deployed a K-9 unit absent reasonable suspicion, conducted an invasive strip search without lawful justification, and selectively enforced the law in a racially discriminatory manner.

3. Plaintiff further alleges that these violations were caused by (a) the policies, customs, practices, and deliberate indifference of the City of Clearwater, including failures to train, supervise, and discipline officers after repeated notice of similar unconstitutional conduct; and (b) the deliberate indifference and supervisory failures of Defendant Todd Johnson, Major of the Office of Professional Standards ("OPS"), after Plaintiff put him on notice in person and via email/written complaints, and Johnson responded that the investigation was "unfounded," while failing to implement corrective action.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) and 42 U.S.C. §§ 1983 and 1988.

5. This Court has supplemental jurisdiction under 28 U.S.C. § 1367.

6. Venue is proper under 28 U.S.C. § 1391(b) because the events occurred in Pinellas County, Florida.

## III. PARTIES

7.  Plaintiff **John Holmes Jr**. is an adult resident of Pinellas County, Florida.

8.  Defendant **City of Clearwater** is a Florida municipal corporation responsible for CPD policies, training, supervision, and discipline.

9.  Defendant Officer **Christian Zarra** is a CPD officer who participated in the detention and searches described herein.

10. Defendant Officer **Anthony Pullaro** is a CPD officer who participated in the detention, escalation, and searches described herein.

11. Defendant Officer **Cody Steele** is a CPD officer who issued the traffic citation during the incident.

12. Defendant Officer **Bethany Nin** is a CPD officer who participated in the detention and searches described herein.

13. Defendant **Todd Johnson** is, and at all relevant times was, Major of CPD's Office of Professional Standards. He had authority to review complaints, review body-worn/dash-camera evidence, initiate investigations, recommend or impose discipline, require corrective training, and implement corrective measures. He is sued in his individual capacity.

14. At all relevant times, each individual Defendant acted under color of state law.

3

## IV. GENERAL FACTUAL ALLEGATIONS

15. On December 17, 2024, Plaintiff was lawfully operating a motor vehicle in Clearwater, Florida.

16. Plaintiff was stopped while positioned in a designated left-turn lane, preparing to make a lawful left turn at a traffic signal.

17. Plaintiff was stopped for an alleged minor civil traffic infraction.

18. Plaintiff was calm, cooperative, and posed no threat to officer safety.

19. While Plaintiff remained inside the active turning lane, Defendants ordered him out of the vehicle.

20. Plaintiff was immediately placed in handcuffs and detained in the roadway, despite the absence of resistance, threat, or probable cause of criminal activity.

21. Plaintiff was placed in the back seat of a CPD patrol vehicle and was not free to leave.

22. While Plaintiff was handcuffed and secured in the patrol vehicle, another officer entered Plaintiff's vehicle and operated it without consent.

23. That officer drove Plaintiff's vehicle across the street to an empty parking lot, without a warrant, probable cause, inventory justification, or lawful authority.

24. Plaintiff was transported in the patrol vehicle to the same empty parking lot.

25. Plaintiff remained handcuffed and confined in the patrol vehicle for approximately thirty-six (36) minutes.

26. Defendant Officer Cody Steele affirmatively stated that he did not smell marijuana.

27. Review of Officer Steele's body-worn camera and dashboard camera footage does not depict any traffic infraction committed by Plaintiff prior to the stop.

28. The video evidence fails to show Plaintiff running a red light, failing to stop, or committing any observable traffic violation.

29. The absence of any recorded traffic infraction contradicts the stated basis for the stop and demonstrates that Defendants lacked objective probable cause or reasonable suspicion.

30. Despite the absence of lawful justification, Defendants escalated the encounter.

31. Defendants requested and deployed a K-9 unit after the traffic mission was complete.

32. No alert establishing probable cause occurred, and no contraband was found.

33. Defendants subjected Plaintiff to an invasive strip search without lawful justification.

34. Plaintiff was not arrested and was issued only a civil traffic citation.

35. At all relevant times, each Defendant either directly participated in unconstitutional conduct, directed it, or had a realistic opportunity to prevent it and failed to do so.

## V. PATTERN, NOTICE, CAUSAL CONNECTION, AND MOVING FORCE

36. From at least 2020 through 2025, Plaintiff was subjected to repeated arrests, detentions, and prosecutions by CPD officers that were later Nolle Prosequi, dismissed, or abandoned.

37. Plaintiff repeatedly notified final policymakers and supervisory officials, including CPD leadership, City management, the mayor, and OPS, of recurring unlawful detentions, arrests, and searches.

38. Plaintiff also notified Defendant Todd Johnson in person and via email/written complaints about unconstitutional enforcement and unlawful detentions.

39. Defendant Johnson responded that Plaintiff's complaint and the internal investigation were "unfounded," and did not implement corrective training, meaningful discipline, or policy changes.

40. Despite notice, the City and OPS failed to retrain, supervise, discipline, or intervene, constituting deliberate indifference.

41. As a direct and foreseeable result of this deliberate indifference, CPD officers continued unconstitutional stop-escalation practices, culminating in the December 17, 2024, incident.

42. The City's policies, customs, and failures to train/supervise/discipline, together with OPS supervisory inaction after notice, were the moving force behind Plaintiff's constitutional injuries.

43. Plaintiff further alleges that Defendant City of Clearwater had notice of alleged racially discriminatory and unconstitutional policing practices through prior public federal civil-rights litigation involving Clearwater Police Department personnel and leadership, including lawsuits filed by Jacques LaPread in the Middle District of Florida asserting racial profiling and unlawful seizure/arrest by Clearwater officers and claims directed at CPD leadership in an official-capacity action. See, e.g., *LaPread v. Buis, et al.*, No. **8:23-cv-01385** (M.D. Fla.) (alleging unconstitutional seizure and related misconduct by Clearwater officers); *LaPread v. Slaughter*, No. **8:23-cv-00727** (M.D. Fla.) (official-capacity claims against the Clearwater Chief of Police). These matters, together with the City's knowledge of recurring complaints and OPS involvement described above, support Plaintiff's

allegation that the City was on notice of constitutional concerns, including racially discriminatory enforcement, yet failed to implement corrective training, supervision, and discipline.

## FIRST CAUSE OF ACTION

## COUNT I – UNREASONABLE SEIZURE & PROLONGED DETENTION

### (Fourth Amendment – 42 U.S.C. § 1983)

44. Plaintiff realleges paragraphs 1–42.

45. **Duty of Care / Constitutional Duty:** Defendants had a duty to conduct a traffic stop only upon lawful justification and to limit the scope and duration of the seizure to the traffic mission. Terry v. Ohio, 392 U.S. 1 (1968); Rodriguez v. United States, 575 U.S. 348 (2015).

46. **Breach:** Defendants seized Plaintiff without objective probable cause/reasonable suspicion supported by video, handcuffed him, transported and confined him, and prolonged the stop beyond its mission without independent reasonable suspicion.

47. **Causation (Causal Link):** Defendants' seizure and prolonged detention directly caused loss of liberty, humiliation, emotional distress, and constitutional injury.

48. **Clearly Established Right/Law:** By 2015, it was clearly established that officers may not prolong a traffic stop for unrelated investigation absent independent reasonable suspicion. Rodriguez, 575 U.S. 348.

49. **Damages:** Plaintiff suffered emotional distress, mental anguish, anxiety, fear, humiliation, loss of sense of security, and ongoing psychological harm as a direct and proximate result of Defendants' unconstitutional conduct.

## SECOND CAUSE OF ACTION

## COUNT II – UNREASONABLE SEIZURE OF VEHICLE / VEHICLE RELOCATION

### (Fourth Amendment – 42 U.S.C. § 1983)

50. Plaintiff realleges paragraphs 1–48.

51. **Duty of Care / Constitutional Duty:** Defendants had a duty not to seize or exercise control over Plaintiff's vehicle absent lawful authority, probable cause, consent, or a valid exception.

52. **Breach:** While Plaintiff was handcuffed, Defendants seized and relocated Plaintiff's vehicle without consent, warrant, probable cause, or lawful justification. Soldal v. Cook County, 506 U.S. 56 (1992).

53. **Causation:** The unlawful vehicle seizure and relocation directly caused additional loss of liberty, increased detention, and constitutional injury.

54. **Clearly Established Right/Law:** It was clearly established that the Fourth Amendment protects against unreasonable seizures of property, including vehicles. Soldal, 506 U.S. 56.

55. **Damages:** Plaintiff suffered emotional distress, mental anguish, anxiety, fear, humiliation, loss of sense of security, and ongoing psychological harm as a direct and proximate result of Defendants' unconstitutional conduct.

## THIRD CAUSE OF ACTION

## COUNT III – UNLAWFUL STRIP SEARCH

## (Fourth Amendment – 42 U.S.C. § 1983)

56. Plaintiff realleges paragraphs 1–54.

57. **Duty of Care / Constitutional Duty:** Defendants had a duty not to conduct an invasive strip search absent lawful authority, probable cause, and appropriate justification. Bell v. Wolfish, 441 U.S. 520 (1979); Justice v. City of Peachtree City, 961 F.2d 188 (11th Cir. 1992).

58. **Breach:** Defendants conducted an invasive strip search without arrest, warrant, probable cause, or exigent circumstances.

59. **Causation:** The unlawful strip search directly caused humiliation, emotional distress, and constitutional injury.

60. **Clearly Established Right/Law:** It was clearly established that highly intrusive searches require strong lawful justification and may not be conducted without lawful authority and proper circumstances. Bell, 441 U.S. 520; Justice, 961 F.2d 188.

61. **Damages:** Plaintiff suffered emotional distress, mental anguish, anxiety, fear, humiliation, loss of sense of security, and ongoing psychological harm as a direct and proximate result of Defendants' unconstitutional conduct.

## FOURTH CAUSE OF ACTION

## COUNT IV – EQUAL PROTECTION / SELECTIVE ENFORCEMENT

### (Fourteenth Amendment – 42 U.S.C. § 1983)

62. Plaintiff realleges paragraphs 1–60.

63. **Duty of Care / Constitutional Duty:** Defendants had a duty to enforce laws in a non-discriminatory manner and not subject Plaintiff to disparate enforcement based on race. Whren v. United States, 517 U.S. 806 (1996); Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252 (1977).

64. **Breach:** Plaintiff is Black and was subjected to enforcement actions grossly disproportionate to a minor civil traffic infraction, including handcuffing, relocation, prolonged detention, K-9 deployment, and an invasive search without objective justification.

65. **Causation:** The discriminatory enforcement caused Plaintiff heightened loss of liberty, humiliation, emotional distress, and constitutional injury.

66. **Clearly Established Right/Law:** It was clearly established that racially discriminatory enforcement violates the Equal Protection Clause. Whren, 517 U.S. 806; Arlington Heights, 429 U.S. 252.

67. **Damages:** Plaintiff suffered emotional distress, mental anguish, anxiety, fear, humiliation, loss of sense of security, and ongoing psychological harm as a direct and proximate result of Defendants' unconstitutional conduct.

## FIFTH CAUSE OF ACTION

## COUNT V – MUNICIPAL LIABILITY (MONELL)

## (Against City of Clearwater – 42 U.S.C. § 1983)

68. Plaintiff realleges paragraphs 1–66.

69. **Duty of Care / Municipal Duty:** The City has a duty to train, supervise, and discipline CPD officers to prevent constitutional violations and to correct known unconstitutional practices.

70. **Breach (Policy/Custom/Failure):** The City maintained policies, customs, or practices permitting unconstitutional escalation of minor traffic stops into custodial-style detentions and failed to correct these practices after notice.

71. **Deliberate Indifference:** Despite notice through repeated complaints, OPS involvement, and recurring unconstitutional encounters, the City failed to implement effective training, supervision, and discipline.

72. **Causation (Moving Force):** The City's policies/customs and deliberate indifference were the moving force behind the constitutional violations committed against Plaintiff on December 17, 2024.

73. **Clearly Established Right/Law:** It was clearly established that municipalities are liable under §1983 when a policy/custom or deliberate indifference in training/supervision causes constitutional injury.

74. **Damages:** Plaintiff suffered emotional distress, mental anguish, anxiety, fear, humiliation, loss of sense of security, and ongoing psychological harm as a direct and proximate result of Defendants' unconstitutional conduct.

## SIXTH CAUSE OF ACTION

## COUNT VI – SUPERVISORY LIABILITY

## (Against Todd Johnson – 42 U.S.C. § 1983)

75. Plaintiff realleges paragraphs 1–73.

76. **Duty of Care / Supervisory Duty:** As Major of OPS, Defendant Johnson had a duty to take reasonable corrective action when placed on notice of recurring unconstitutional conduct.

77. **Breach:** Plaintiff put Defendant Johnson on notice in person and via email/written complaints regarding unconstitutional detentions and searches. Defendant Johnson responded that Plaintiff's complaint/investigation was "unfounded," and failed to implement corrective training, discipline, or meaningful intervention.

78. **Causal Link:** Defendant Johnson's failure to act after notice created and maintained a foreseeable risk that CPD officers would continue unconstitutional stop-escalation practices.

79. **Clearly Established Right/Law:** It was clearly established that supervisory officials may be liable under §1983 when they have notice of unconstitutional conduct, possess authority to correct it, and are deliberately indifferent.

80. **Damages:** Plaintiff suffered emotional distress, mental anguish, anxiety,
fear, humiliation, loss of sense of security, and ongoing psychological harm
as a direct and proximate result of Defendants' unconstitutional conduct.

## VII. QUALIFIED IMMUNITY DOES NOT APPLY

81. Government officials are not shielded by qualified immunity when they
violate clearly established constitutional rights.

82. No reasonable officer could believe the conduct described herein was lawful
under clearly established precedent.

## VIII. STANDING FOR DECLARATORY AND INJUNCTIVE RELIEF

83. Plaintiff seeks declaratory and injunctive relief **against Defendant City of
Clearwater only,** based on ongoing constitutional violations caused by the
City's policies, customs, practices, and supervisory failures.

84. Plaintiff has standing to seek prospective relief because he faces a **real and
immediate threat of future injury**, not merely a speculative or hypothetical
risk.

85. Plaintiff has been subjected to **repeated unlawful detentions, searches,
seizures, and racially discriminatory enforcement actions** by Clearwater

Police Department officers over a multi-year period, including but not limited to the December 17, 2024, incident described herein.

86. Plaintiff has **actual, personal knowledge** that these unconstitutional practices are ongoing and systemic, as demonstrated by:

a. recurring unconstitutional encounters involving Plaintiff;

b. repeated dismissals and Nolle Prosequi of cases initiated by CPD officers;

c. Plaintiff's written and in-person complaints to CPD leadership and the Office of Professional Standards; and

d. the City's express refusal to take corrective action after notice.

87. Plaintiff specifically placed Defendant City of Clearwater, through its policymakers and supervisory officials, on notice of recurring unconstitutional conduct, including unlawful detentions and racially discriminatory enforcement, yet the city failed to retrain, supervise, discipline, or otherwise intervene.

88. Defendant City of Clearwater's continued enforcement of the same policies, customs, and practices creates a **continuing and imminent risk** that Plaintiff will again be subjected to unlawful stops, detentions, searches, and discriminatory treatment during routine encounters with CPD officers.

89. Unlike a single, isolated incident, Plaintiff alleges a **pattern of misconduct**, actual notice to policymakers, and deliberate indifference, establishing a likelihood of future injury sufficient to confer standing.

90. Plaintiff's claims for injunctive and declaratory relief satisfy Article III standing requirements as set forth in *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), because Plaintiff alleges a realistic threat of repeated injury stemming from official municipal policies and customs, not speculative fear.

91. Declaratory and injunctive relief are necessary to prevent future violations of Plaintiff's constitutional rights and to ensure that Defendant City of Clearwater brings its policies, training, and supervisory practices into compliance with the Fourth and Fourteenth Amendments.

## IX. DECLARATORY AND INJUNCTIVE RELIEF

### (Against Defendant City of Clearwater)

92. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201–2202.

93. An actual and ongoing controversy exists between Plaintiff and Defendant City of Clearwater regarding the constitutionality of the City's policies, customs, practices, and supervisory failures governing traffic stops, detention practices, searches, seizures, K-9 deployment, and enforcement discretion.

17

94. Plaintiff seeks a judicial declaration that Defendant City of Clearwater's acts, omissions, policies, customs, and practices, as alleged herein, **violate the Fourth and Fourteenth Amendments** to the United States Constitution.

95. Plaintiff further seeks permanent injunctive relief requiring Defendant City of Clearwater to take affirmative steps to prevent future constitutional violations, including but not limited to:

a. implementing constitutionally adequate training for patrol officers regarding lawful traffic stops, detention limits, handcuffing standards, vehicle seizure and relocation, K-9 deployment, strip searches, and nondiscriminatory enforcement.

b. revising written policies, directives, and standard operating procedures to ensure compliance with clearly established constitutional law.

c. requiring supervisory review of traffic stops involving prolonged detention, handcuffing, vehicle relocation, K-9 deployment, or invasive searches.

d. implementing corrective supervision and accountability measures when unconstitutional conduct is identified.

e. ensuring preservation, review, and audit of body-worn camera and dashboard camera footage for constitutional compliance; and

f. prohibiting racially discriminatory enforcement practices and requiring documentation sufficient to allow meaningful review.

96. Plaintiff seeks an order retaining jurisdiction to enforce compliance with the Court's declaratory and injunctive relief.

## X. DAMAGES

97. Plaintiff suffered emotional distress, mental anguish, anxiety, fear, humiliation, loss of sense of security, and ongoing psychological harm as a direct and proximate result of Defendants' unconstitutional conduct.

98. Plaintiff seeks **TWENTY MILLION DOLLARS** ($20,000,000.00) in compensatory damages, plus punitive damages against the individual officer Defendants to the extent permitted by law, and attorney's fees and costs under 42 U.S.C. § 1988.

## XI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

A. **Enter** judgment in favor of Plaintiff and against Defendants;

B. **Award** compensatory damages of $20,000,000.00;

C. **Award** punitive damages against the individual officer Defendants as permitted by law;

D. **Award** attorney's fees and costs pursuant to 42 U.S.C. § 1988;

E. **Grant** such other relief as the Court deems just and proper.

F. **Enter** a declaratory judgment that Defendant City of Clearwater's acts, omissions, policies, customs, and practices violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

G. **Enter** permanent injunctive relief against Defendant City of Clearwater requiring corrective training, supervision, and policy reforms sufficient to prevent future unconstitutional detentions, searches, seizures, and racially discriminatory enforcement.

H. **Retain** jurisdiction to enforce compliance with the Court's declaratory and injunctive orders.

## XII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this *16th* day of December 2025, I caused the

foregoing Complaint for Damages and Demand for Jury Trial to be filed with the

Clerk of Court, United States District Court, Middle District of Florida, Tampa

Division, by placing a true and correct copy in the United States Mail.

Clerk of Court

United States District Court, Middle District of Florida – Tampa Division

Sam M. Gibbons U.S. Courthouse

801 North Florida Avenue

Tampa, Florida 33602

Respectfully submitted,

_____

**John Holmes Jr., Pro Se Plaintiff**

611 S. Fort Harrison Ave #260

Clearwater, FL 33756

Email: stopclearwaterabuse@gmail.com